IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

vs.                                      Case No. 20-cv-576 MIS/JFR

RONALD MARTINEZ, Warden, and
HECTOR BALDERAS, Attorney General
for the State of New Mexico,

    Respondents.

### MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### DENYING PETITIONER'S RENEWED MOTION TO EXPUNGE

        THIS MATTER comes before me upon *Petitioner's Renewed Motion to Expunge Inmate Misconduct Report*. Doc. 66 ("Renewed Motion to Expunge"). United States District Judge Margaret I. Strickland referred this matter to me for analysis and a recommended disposition. Doc. 75. The Government filed a response in opposition to the *Renewed Motion to Expunge* and a *Notice of Updated Good-Time Figuring Sheet*, Docs. 71, 74, and Petitioner replied. Doc. 77. Having considered the briefing and relevant law, I find that Petitioner is not entitled to expungement and thus **RECOMMEND** the Court **DENY** his motion.

BACKGROUND AND RELEVANT PROCEDURAL HISTORY

        Petitioner commenced this action by filing a Petition pursuant to 28 U.S.C. § 2254, which the Court considered under 28 U.S.C. § 2241 because Petitioner challenged the execution of his sentence. In his Petition, Petitioner sought the expungement from his record of a prison

1

disciplinary action[1] and reinstatement of 60 days of earned good time credits that had been forfeited. *See id.* at 13 (seeking "an Injunction ordering Respondents to expunge the disciplinary convictions from Franklin's institutional record."). Petitioner alleged a due process violation based upon the disciplinary hearing officer's refusal to review allegedly exculpatory video footage and denial of Petitioner's request to submit relevant questions to prison officials during Petitioner's June 28, 2018 disciplinary proceedings. Doc. 1 at 5; *see* Doc. 9-2 at 75 ("Disciplinary Decision"). Petitioner claimed Respondents failed to comply with a Department of Corrections policy that provides an inmate 60 minutes, or one hour, to submit a urine sample when reasonable grounds to request that sample exist. *See* Doc. 9-1 at 46 (N.M. Corrections Department, Policy CD-090501, "Urinalysis Testing of Inmates/Testing Unknown Substances").

The Court appointed counsel to represent Mr. Franklin and ultimately recommended to the District Judge that the Petition be granted. Doc. 51. Specifically, the undersigned concluded that Respondents violated Petitioner's due process rights by not preserving evidence (i.e. a video recording of the urinalysis testing) and by not allowing Petitioner to call witnesses in his defense before an impartial officer at a prison disciplinary hearing. *See id.* at 2-3. The undersigned recommended to the District Judge that the Petition be granted and that Respondents be ordered to restore 60 days of good time credit to Mr. Franklin. *Id.*

The District Judge considered and overruled Respondents' objections, and adopted the PFRD. Doc. 58. Respondents appealed this order to the Tenth Circuit Court of Appeal, Doc. 60, and ultimately a panel of the Tenth Circuit Court of Appeals entered an Order dismissing

---

[1] Respondents attached a copy of the "New Mexico Corrections Department Disciplinary Decision", dated July 10, 2018, which imposes sanctions on Petitioner. The Decision recommends sanctions for "Refusal to Submit to a Drug Test: 2nd offense" as (1) "60 days loss of Good Time", and (2) "60 days loss of (Canteen, Telephone, And All Electronics)". Doc. 9-2 at 75.

Respondents' appeal for lack of jurisdiction. *Franklin v. Martinez*, Case No. 22-2137, Doc. 010110898119 (10th Cir. Aug. 3, 2023) ("Dismissal Order"). Neither the district court nor the Tenth Circuit addressed Petitioner's request to expunge the disciplinary record. This matter is ripe for decision.

THE MOTION, RESPONSE AND REPLY

Petitioner's renewed motion—renewed, it is presumed, because the relief sought was originally set forth in his original Petition—relies on the fact that the Court ruled in his favor as to a violation of his due process rights, and claims that "[o]ther courts have persuasively held expungement is proper when the due process violation 'significantly affected [the prisoner's] ability to demonstrate his innocence.' " Doc. 66 at 2, citing *Hayes v. Thompson*, 637 F.2d 483, 493 (7th Cir. 1980). Petitioner cites decisions which he claims support his requested relief. Doc. 66 at 2 citing *Morgan v. Ellerthorpe*, 785 F.Supp. 295 (D.R.I. 1992) (§ 1983 action by prisoner alleging deprivation of liberty without due process, including denial of opportunity to call witnesses at disciplinary hearing; only remedies available are limited to injunctive relief directing that "booking" be quashed and "good time" be restored); *Dedrick v. Wallman*, 617 F.Supp. 178 (S.D. Iowa 1985) (an inmate has a liberty interest in not being punished with the imposition of administrative segregation until he or she has been convicted of a rules violation; § 1983 allows courts to fashion equitable remedies, including expungement); *Pino v. Dalsheim*, 605 F.Supp. 1305 (S.D.N.Y. 1984) (§ 1983 action regarding flawed disciplinary process found in favor of prisoner, with expungement of disciplinary record ordered); *Martin v. Foti*, 561 F.Supp. 252 (E.D. La. 1983) (§ 1983 suit against prison officials regarding procedures followed at disciplinary hearing, ordering expungement of disciplinary reports). Petitioner also argues that

expungement is appropriate here given that "NM prison officials routinely refuse to review exculpatory video footage." Doc. 66 at 2-3 (citing cases).

In opposition, Respondents note that Petitioner relies on cases brought pursuant to 42 U.S.C. § 1983 (and not 28 U.S.C. §§ 2254/2241), and therefore are inapposite and not controlling. *See* Doc. 71 at 2. Respondents argue that section 1983 does not authorize a court to remedy a due process violation via restoration of forfeited good-time credits, *id*. at 3, and here Petitioner has been made whole and put in the position he was in before the constitutional violation given that his good time credits have been restored.[2] *Id.* Respondents argue that Petitioner fails to show that the misconduct report has affected, or will affect, his eligibility for work, school, or other classification; "[u]ntil Mr Franklin makes this showing, 'any concern that the [challenged misconduct report] will be used against [him] in the future is premature." *Id*. at 4, citing *Jacobs v. Sullivan*, 2009 WL 1211390, at *7 (E.D. Cal. May 1, 2009).

Petitioner replied and submits that the power to expunge is "inherent" in the district courts and can be used in habeas proceedings. Doc. 77 at 1.

LEGAL STANDARDS

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough,* 547 U.S. 573, 579 (2006) (quotation marks and citation omitted). A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that

---

[2] Respondents have submitted a *Notice of Updated Good -Time Figuring Sheet* that shows the sixty (60) days of credits have been restored. *See* Doc. 74.

imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Section 1983 is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus. *Nettles v. Grounds*, 830 F.3d 922, 927-28 (9th Cir. 2016). Where a disciplinary action does not "work a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the prisoner has not suffered an atypical, significant hardship triggering due process protections. *Sandin v. Conner,* 515 U.S. 472, 486–87 (1995).

ANALYSIS

Petitioner claims that the disciplinary report must be expunged because it "can affect Franklin's eligibility for jobs, school, classification and even parole [serving life that is discretionary parole]." Doc. 66 at 3. Because there is no certainty that the disciplinary report will have any bearing on Petitioner's eligibility for parole, employment, education or general classification, Petitioner's claim fails and must be denied.

In *Sandin v. Conner,* the Supreme Court held that where a disciplinary action does not "work a major disruption in [a prisoner's] environment" or "*inevitably affect* the duration of his sentence," the prisoner has not suffered an atypical, significant hardship triggering due process protections. 515 U.S. at 486–87 (emphasis added). So it is here. Petitioner fails to show that this disciplinary report will have any inevitable effect on his sentence, and it is notable that Petitioner expends no time or ink trying to demonstrate prejudice; furthermore, the cases relied upon by Petitioner are inapposite as they address violations of 42 U.S.C. § 1983, the federal civil rights statute, which does not control in prisoner's challenges to the execution of his sentence. *See Hill v. McDonough,* 547 U.S. at 579. Petitioner has been made whole and put in the position he was in before the constitutional violation, as his good time credits have been restored by

5

Respondents.  The adverse effects of the disciplinary report as claimed by Petitioner here are entirely speculative; the Court is not in a position to predict an uncertain future, and the fact that this report merely *can affect* the duration of Petitioner's future "is too attenuated to invoke the procedural guarantees of the Due Process Clause."  *Sandin*, 515 U.S. at 487.

In his *Renewed Motion to Expunge*, Petitioner appears to argue[3] that New Mexico state courts consider whether the conduct at issue—here, failure to review exculpatory video footage—is part of a repeated pattern and, if so, that such finding factors into the court's expungement analysis.  Doc. 66 at 2.  Petitioner cites prior cases he brought in this district in an effort to demonstrate such a pattern, *see id.* at 3, but none of Petitioner's earlier litigation provides authority that a prison's failure to review exculpatory video footage necessarily affects the fact or duration of a sentence or is properly heard in habeas.  Indeed, Petitioner provides no reference to any decisions, federal or state, that discuss the relevance of such a pattern in the habeas context, and the Court is not willing to import an ill-defined state court test into its analysis of whether expungement of a disciplinary report is a suitable remedy in a habeas action, especially when there has been no showing that such report will have an inevitable effect on the execution of Petitioner's sentence.

Petitioner also states that the authority to expunge is "inherent" in the district court, and that expungement has been ordered in prior habeas proceedings.  Doc. 77 at 1.  Petitioner offers no argument or analysis, and this Court's review of the authority he cites fails to move the needle

---

[3] The extent of Petitioner's argument on this issue is the following:

"A factor New Mexico state courts considered is if the conduct was part of a repeated pattern.  NM prison officials routinely refuse to review exculpatory video footage. (Citations omitted).
NMCD has a pattern of refusing to review exculpatory footage."

on his case.  In *United States v. Pinto*, 1 F.3d 1069 (10th Cir. 1993), the Tenth Circuit noted that, because there was no statutory authority for expunction (of a criminal conviction), any authority to expunge then must stem from the court's inherent powers, but such authority should only be exercised "in extreme cases."  1 F.3d at 1070.  Petitioner's case is by no means "extreme."  In *Wilson v. Jones*, 430 1113 (10th Cir. 2005), a case brought pursuant to 28 U.S.C. § 2241, it was concluded that expungement was appropriate because the prison misconduct conviction inevitably affected the duration of the inmate's sentence.  Here, as concluded above, Petitioner is unable to show any inevitable effect on his sentence.  Finally, Petitioner cites to *Lopez v. LeMaster*, 2003-NMSC-003, 133 N.M. 59, a decision which affirms that a state court sitting in habeas can fashion equitable relief regarding the restoration of an inmate's good-time credits; *Lopez v. McMaster* does nothing to show, however, that the disciplinary report here will have any effect, let alone an inevitable effect, on Petitioner's sentence.  The Court concludes that the cases listed by Petitioner in his Reply do not support a claim for expungement.

Finally, it is noteworthy that Petitioner has sought the very same relief in another case he recently brought in this District.  *See Franklin v. Lucero*, Case No. 1:18-cv-01156-JB/JHR.  In that case, United States Magistrate Judge Jerry H. Ritter issued proposed findings and a recommended disposition on Petitioner's Motion (and Renewed Motion) to Expunge Inmate Misconduct Report, wherein Judge Ritter recommended denial of Petitioner's claims.  Doc. 64, 2024 WL 834942.  In *Franklin v. Lucero*, Petitioner sought expungement of the disciplinary infraction report after the underlying infraction was set aside based upon a finding that Petitioner's due process rights had been violated.  2024 WL 834942, at *1.  In his PFRD addressing Petitioner's request for expungement, Judge Ritter concluded that the record of the disciplinary charge does not inevitably affect the duration of Petitioner's sentence such that there

is a liberty interest at stake. 2024 WL 834942 at *2. Specifically, Judge Ritter found that, while it is conceivable that the failure to expunge the disciplinary report could affect Petitioner's classification level, program eligibility and parole chances, "the actual effect is speculative where an inevitable harm is required to support a liberty interest." *Id*. at 3, citing *Dopp v. Jones*, 562 Fed.App'x. 637, 640 (10th Cir. 2014). Judge Ritter concluded that expungement is not appropriate given that Petitioner couldn't show the disciplinary report would have any effect on his sentence.[4, 5] The same is true here.

Accordingly, the undersigned respectfully **RECOMMENDS** that Petitioner's renewed motion to expunge be **DENIED** and this case be **DISMISSED** with **PREJUDICE**. The Court **FURTHER RECOMMENDS** that no certificate of appealability be granted.

**SO RECOMMENDED**.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

HON. JOHN F. ROBBENHAAR
United States Magistrate Judge

---

[4] Judge Ritter also found that prison policies do not mandate automatic penalties for disciplinary actions, further undercutting Petitioner's claim that expungement is justified. *Id*. at *4. Petitioner does not argue in the instant case that prison regulations somehow support his entitlement to expungement of the disciplinary report.

[5] Judge Ritter's PFRD was adopted by United States District Judge James O. Browning after neither party lodged objections. 1:18-cv-01156-JB/JHR, Doc. 65.